This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Fred Aliff and other former employees of ANR Advance Transportation Company ("employees"), appeal the decision of the Summit County Court of Common Pleas, which affirmed the decision of the Unemployment Compensation Review Commission. We affirm.
 I.
ANR operated a freight hauling service at six terminals throughout the state of Ohio. Employees of ANR were members of the International Brotherhood of Teamsters ("Union"). ANR and the Union were parties to a collective bargaining agreement, the terms of which expired on March 31, 1998. The parties agreed to continue under the terms and conditions of the expired agreement pending negotiation of a new contract. The two sides negotiated toward a new agreement from August until November 1998, meeting for a total of nine negotiating sessions.
When the parties could not reach an agreement, ANR extended its final offer on November 16, 1998. ANR implemented the terms of its final offer on December 7, 1998. The Union rejected ANR's final offer, and the employees went on strike and began picketing on December 8, 1998. ANR did not conduct any business during the strike, and it has not resumed operations.
The members of the Union applied for unemployment compensation benefits. The Ohio Bureau of Employment Services ("OBES"), now known as the Ohio Department of Job and Family Services, held a hearing on all of the claims and denied the employees' claims for benefits. The Unemployment Compensation Review Commission ("Review Commission") denied the employees' appeal of the OBES decision. The employees filed an appeal in the Summit County Court of Common Pleas, which subsequently upheld the decision of the OBES to deny benefits.
This appeal followed. Appellants raise one assignment of error on appeal.
 II. Assignment of Error "THE COMMON PLEAS COURT'S DENIAL OF APPELLANTS' APPEAL AND ITS AFFIRMANCE OF THE REVIEW COMMISSION'S DECISION WAS UNREASONABLE, UNLAWFUL, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND AN ABUSE OF DISCRETION."
We begin our discussion by noting the standard of review applicable to appeals of unemployment compensation cases. Pursuant to R.C.4141.28(N)(1),[1] any interested party may appeal from the board's decision to the court of common pleas, which must affirm the decision of the Review Commission unless the decision was unlawful, unreasonable, or against the manifest weight of the evidence. The same standard applies to review by a court of appeals. Tzangas, Plakas Mannos v. Ohio Bur. ofEmp. Serv. (1995), 73 Ohio St.3d 694, 696-697. A reviewing court is not permitted to make factual findings or determinations of witness credibility; however, a reviewing court must determine if the Review Commission's decision is supported by the evidence in the record. Id. at 696.
The Review Commission found that the employees' unemployment was due to a labor dispute other than a lockout, and therefore the employees were barred from receiving unemployment benefits. Appellants contend that the work stoppage was due to a lockout by ANR, and consequently, they are entitled to benefits. Thus, the only issue presented by this case is whether the work stoppage at ANR was caused by the labor dispute and resulting strike or by a lockout by the employer.
Pursuant to R.C. 4141.29(D)(1)(a), no individual may receive unemployment compensation benefits if:
 "The individual's unemployment was due to a labor dispute other than a lockout at any factory, establishment, or other premises * * * owned and operated by the employer by which the individual is or was last employed; and for so long as the individual's unemployment is due to such labor dispute."
The Ohio Supreme Court first addressed the issue of what constitutes a lockout in Zanesville Rapid Transit, Inc. v. Bailey (1958),168 Ohio St. 351. The Court defined a lockout as "a cessation of the furnishing of work to employees or a withholding of work from them in an effort to get for the employer more desirable terms." Id. at 354. A lockout is not confined to an actual physical plant closing; employees may be subjected to a constructive lockout as well. Id. A constructive lockout occurs when "the conditions of further employment announced by the employer [are] such that the employees could not reasonably be expected to accept them and [the terms] must manifest a purpose on the part of the employer to coerce his employees into accepting them or some other terms." Id. at 355.
In Bays v. Shenango (1990), 53 Ohio St.3d 132, the Ohio Supreme Court adopted a status quo test. The Court defined a lockout as:
 "[w]here employees offer to continue working under the terms of a pre-existing collective bargaining agreement pending final settlement of a labor dispute, the failure of the employer to accept such an offer constitutes a lockout unless it is demonstrated that the employer has a compelling reason for failing to so agree such that the extension of the contract would be unreasonable under the circumstances." Bays, 53 Ohio St.3d at 135.
The status quo test requires a determination of "which side, union or management, first refused to continue operations under the status quo after the contract had technically expired, but while negotiations werecontinuing[.]" (Emphasis added.) Id., quoting Philco Corp. v. Unemp.Comp. Bd. of Review (1968), 430 Pa. 101, 103, 242 A.2d 454. By its definition, the status quo test does not apply unless the court first finds that negotiations between the parties were ongoing at the time of the implementation of the employer's final offer. Johnson v. Ohio Bur. ofEmp. Serv. (1993), 82 Ohio App.3d 293, 298. Thus, in order to determine which test to apply, we must first determine whether negotiations were continuing.
In this case, the hearing officer found that negotiations had ceased at the time ANR implemented its final offer. As such, the hearing officer applied the reasonableness standard adopted in Zanesville Rapid Transit. The trial court affirmed, and found that decision to be supported by credible evidence in the record.
The testimony presented at the hearing establishes the following. On November 16, 1998, ANR made its final offer to the Union. Thereafter, the parties met on November 18, 1998, and the Union rejected ANR's offer. No further negotiating sessions were held. Sometime during the first week of December, ANR instructed the Union that it would be unilaterally implementing the final offer on December 7, 1998.
The hearing officer's determination that negotiations had ceased at the time of the final offer is supported by the record. Moreover, this court must defer to the administrative agency in its factual determinations. Therefore, the appropriate test is that set forth in Zanesville RapidTransit.
ANR's final offer included a five-year freeze on wages; however, the company proposed a system of annual bonuses. The company proposed changes in the calculation of vacation and overtime pay and sick leave, and changes to health benefits, which would result in increased deductibles for the employees, although ANR would continue to pay the entire premium. The offer included a provision whereby the company would reduce the number of full-time employees from 90 percent to 75 percent of the work force. The company would also be able to utilize part-time employees and other carriers to transport materials in limited situations.
The hearing officer noted that ANR attempted to begin negotiation in the summer of 1997 because the company was facing financial problems; however, the Union refused to negotiate until summer 1998. The hearing officer further noted that the Union was aware of the financial problems facing the company at the time. The hearing officer concluded that the terms of ANR's final offer were not so unfavorable as to leave the employees with no choice but to strike, and, therefore, the labor dispute did not constitute a lockout.
We cannot say that the determination that the employees were unemployed due to a labor dispute, other than a lockout, was unlawful, unreasonable, or against the weight of the evidence. Accordingly, Appellants' sole assignment of error is overruled.
 III.
Having overruled Appellants' sole assignment of error, we affirm the decision of the Summit County Court of Common Pleas.
WHITMORE, J. CONCURS
[1] R.C. 4141.28(N)(1) was formerly codified at R.C. 4141.28(O)(1).